UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM WALLS,

    Plaintiff,

                                                                                                  09-3048

HONORABLE JUDGE DIANE D. CANON,

    Defendant.

### Order

    The plaintiff resides in the Rushville Treatment and Detention Center. He seeks leave to proceed *in forma pauperis*.

    The plaintiff pursues due process and equal protection challenges to the way Judge Canon is or has handled his commitment proceedings under the Illinois Sexually Violent Persons Act. Judges are immune from lawsuits based on actions taken in their judicial capacities. *Forrester v. White*, 484 U.S. 219, 227-29 (1988). Further, any challenges to the fairness of the proceeding must be made in those proceedings, followed by appeals to the Illinois Appellate Court and the Illinois Supreme Court. Lastly, if the plaintiff is challenging his detention, the claim cannot proceed under 42 U.S.C. § 1983. As far as federal court goes, these claims are only cognizable in a federal habeas action, if at all. *See Lieberman v. Thomas*, 505 F.3d 665 (7th Cir. 2007)(example of habeas action filed by detainee as sexually violent person).[1]

    IT IS THEREFORE ORDERED:

    1) The plaintiff's petition to proceed in forma pauperis is denied (d/e 2). All pending motions are denied as moot (d/e 3). This case is terminated.

    2) If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this

---

[1]That does not mean that the plaintiff will be able to pursue a habeas action. The plaintiff should carefully consider the legal consequences of pursuing a habeas corpus action. Habeas corpus actions have strict time limits, require exhaustion of state remedies, and require a showing that the state court ruling was "contrary to, or involved an unreasonable application of, federal law as determined by the Supreme Court, . . . ." 28 U.S.C. § 2254(b)(1). Additionally, if the first petition is denied, second or successive petitions are not allowed except under very limited circumstances. *See* 28 U.S.C. § 2244(b)(2).

court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).

Entered this 24th Day of March, 2009.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE
